UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DONALD MACK BENNETT,

                Plaintiff,

      -against-

CARE CORRECTION SOLUTION MEDICAL
CONTRACTER, CHIEF MEDICAL DIRECTOR/
DR. RAUL ULLOA, CHRONIC CARE/
DR. DELORES CURBELLA, N.P. LINDA BEYER,
N.P. MICHAEL KELLY, N.P. DIANE TURFARO,
L.P.N. CRYSTAL MAGIGAN and WESTCHESTER
COUNTY JAIL/LIASON,

                Defendants.

-------------------------------------------------------------X

**OPINION AND ORDER**

15 Civ. 3746 (JCM)

On April 20, 2017,[1] Plaintiff Donald Mack Bennett ("Plaintiff"), proceeding *pro se*, moved for reconsideration of this Court's Opinion and Order dated March 24, 2017 (the "Opinion"), (Docket No. 89), which granted Defendants'[2] motion to dismiss,[3] (Docket No. 92). Although Plaintiff did not specify the rule pursuant to which this Court should reconsider its Opinion, the Court construes Plaintiff's motion as one made under Rule 6.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern District of New York ("Local Civil Rule 6.3"). Defendants oppose the motion. (Docket No. 94). For the reasons that follow, Plaintiff's motion is denied.

---

[1] Plaintiff's motion is dated April 17, 2017, but was filed on ECF on April 20, 2017.

[2] Defendants in this matter are Correct Care Solutions (sued herein as Care Correction Solution Medical Contracter [sic]) ("CCS"), Dr. Raul Ulloa, Dr. Dolores Curbelo (sued herein as Delores Curbella), N.P. Linda Beyer, N.P. Michael Kelly, N.P. Diane Tufaro (sued herein as Diane Turfaro), L.P.N. Crystal Madigan (sued herein as Crystal Magigan) and the County of Westchester (sued herein as Westchester County Jail/Liason [sic]) (collectively, "Defendants").

[3] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Docket No. 35).

1

## I. LEGAL STANDARD

"The decision to grant or deny [a motion for reconsideration under Local Civil Rule 6.3] is within the sound discretion of the . . . court." *Dellafave v. Access Temporaries, Inc.*, No. 99 CIV. 6098(RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).[4] In the Second Circuit, granting reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Peterson v. Home Depot U.S.A., Inc.*, No. 11 Civ. 5747(ER), 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) (quoting *Parrish v. Sollecito*, 253 F.Supp.2d 713, 715 (S.D.N.Y.2003)). The movant may not use the motion "to start a new round of arguments," nor "should the Court be expected to wade through lengthy papers that simply reiterate in slightly different form the arguments already made in the party's original papers." *Metro. Opera Ass'n, Inc. v. Local 100*, No. 00 Civ. 3613(LAP), 2004 WL 1943099, at *2 (S.D.N.Y. Aug. 27, 2004).

To succeed on a motion for reconsideration, "the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dellefave*, 2001 WL 286771, at *1; *see also Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257; *see also Park South Tenants Corp. v. 200 Cent. Park Assocs.*, 754 F. Supp. 352, 354 (S.D.N.Y. 1991) ("The standard . . . is strict in order to preclude repetitive arguments on issues that have already been considered fully by the Court."), *aff'd*, 941 F.2d 112 (2d Cir. 1991).

---

[4] In accordance with *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others cited herein, only available by electronic database, accompany this Opinion and Order and shall be simultaneously delivered to Plaintiff, who is proceeding *pro se*.

## II. DISCUSSION

The Court assumes the parties' familiarity with the facts of this case and the law set forth in the Court's Opinion. Plaintiff appears to raise the following arguments in support of his motion for reconsideration: (i) that his claim had merit and should not have been denied; (ii) that his claims were not read liberally, as is required when a court considers a *pro se* plaintiff's claims on a motion to dismiss; (iii) that his request to consolidate his claims and amend his complaint, dated June 15, 2016,[5] should have been granted; and (iv) that the Court committed harmless error pursuant to Federal Rule of Civil Procedure 61 ("Rule 61").

### A. Timeliness

Before turning to Plaintiff's arguments, the Court finds that Plaintiff's motion for reconsideration is untimely. Under Local Civil Rule 6.3, "[u]nless otherwise provided by the Court or by statute or rule . . . a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." S.D.N.Y. Local Civ. R. 6.3. Here, the Court's Opinion was dated March 24, 2017, and judgment was entered on March 27, 2017. (Docket Nos. 89, 90). The Opinion was also mailed to Plaintiff on March 27, 2017. (Docket No. 90). Plaintiff's motion is dated April 17, 2017, and was filed on April 20, 2017. (Docket No. 92). Fourteen days after March 27, 2017, however, was April 10, 2017, ten days before Plaintiff's motion was filed. Even extending Plaintiff's deadline by three days, because Plaintiff is *pro se* and received a copy of the Opinion by mail, seventeen days after March 27, 2017 was

---

[5] Plaintiff refers to a request dated June 15, 2015. However, the only document filed by Plaintiff in June 2015 was a request to proceed *in forma pauperis* ("IFP"). (Docket No. 5). The Court assumes that Plaintiff intended to refer to a motion to consolidate, to which he attached a proposed amended complaint, which was filed on June 21, 2016, but dated June 15, 2016. (Docket No. 56).

3

April 13, 2017, which is seven days before Plaintiff filed his motion. *See* Fed. R. Civ. P. 6(d). Plaintiff's motion for reconsideration is therefore denied as untimely. *See, e.g., Otto v. Town of Washington*, 71 F. App'x 91, 92 (2d Cir. 2003) (motion for reconsideration filed ten days late denied as untimely); *Seifts v. Consumer Health Sols. LLC*, No. 05 CIV. 9355 ER LMS, 2015 WL 1069270, at *7 (S.D.N.Y. Mar. 11, 2015) (motion for reconsideration dated five days late and filed approximately three weeks late denied as untimely); *Davis v. U.S. Dep't of Homeland Sec.*, No. 11-CV-203 ARR VMS, 2013 WL 6145749, at *1 (E.D.N.Y. Nov. 20, 2013) (*pro se* plaintiff's motion for reconsideration filed over one month late denied as untimely); *R.B. ex rel. A.B. v. Dep't of Educ. of City of New York*, No. 10 CIV. 6684 RJS, 2012 WL 2588888, at *2 (S.D.N.Y. July 2, 2012) (*pro se* plaintiff's motion for reconsideration filed at least ten days late denied as untimely). "[A] plaintiff's *pro se* status 'does not insulate him from complying with the relevant procedural rules.'" *R.B.*, 2012 WL 2588888, at *2 (quoting *Gibson v. Wise*, 331 F.Supp.2d 168, 169 (E.D.N.Y. 2004)); *see also Leonard v. Lowe's Home Centers, Inc.*, No. 00 CIV. 9585 (RWS), 2002 WL 548745, at *1 (S.D.N.Y. Apr. 12, 2002) (noting that, although a *pro se* plaintiff's pleadings should be read liberally, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law"). Nevertheless, given that Plaintiff was incarcerated at the time judgment was entered and when he filed his motion for reconsideration, the Court will review Plaintiff's motion on the merits. *See Gause v. Suffolk Cty.*, No. 02CV4600(SJF)(WDW), 2007 WL 776752, at *1 (E.D.N.Y. Mar. 7, 2007).

## B. The Merits

### 1. Sufficiency of Plaintiff's Claims

Plaintiff's first argument, that his claims were "meritorious" and "sufficient," (Docket No. 92 at 1), and that therefore his Amended Complaint, (Docket No. 9), should not have been

4

denied, does not identify any facts or controlling law that the Court overlooked in its Opinion. Nor does Plaintiff identify any alleged error in the Opinion. Rather, Plaintiff seeks to repeat the arguments that were already fully considered by the Court. Because Plaintiff has failed to demonstrate that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion[s]," *Dellefave*, 2001 WL 286771, at *1, his argument is without merit. *See also Metro. Opera Ass'n, Inc.*, 2004 WL 1943099, at *2; *Park South Tenants Corp*, 754 F. Supp. at 354.

### 2. Plaintiff's *Pro Se* Status

Next, Plaintiff argues that his claims were not construed liberally, when he refers to himself as a "lay-man pro-se," and when he makes the point that he was "not ever considered an [attorney]." (Docket No. 92 at 1). The Court's Opinion, however, specifically acknowledged that "[*p*]*ro se* complaints should be liberally construed and held to less stringent standards than those drafted by lawyers[.]" (Op. at 7) (internal quotation marks omitted). Indeed, the Court read Plaintiff's Amended Complaint liberally. (Op. at 3). For example, although Plaintiff did not specifically bring his claims pursuant to the Eighth Amendment, the Court interpreted his claims under the Eighth Amendment. (*Id.* at n.3). Additionally, Plaintiff listed the Westchester County Jail/Liason [sic] as a Defendant in the caption of his Amended Complaint, and put both the Westchester County Jail and the Westchester County Jail Department of Correction in the body of his Amended Complaint. (*Id.* at 19). Defendants correctly argued that neither party was a proper legal entity, and that therefore both parties should be dismissed. (*Id.*). However, rather than dismiss those parties, the Court read Plaintiff's Amended Complaint liberally and construed it as bringing a claim against the municipality of Westchester County. (*Id.*). The Court also considered factual allegations made in Plaintiff's opposition to the motion to dismiss. (*Id.* at n.7).

5

Plaintiff's argument that his *pro se* claims were not read liberally is without merit, and therefore fails.

### 3. Plaintiff's June 15, 2016 Motion to Consolidate and Request to Amend

Plaintiff's third argument refers to claim(s) that "should [have] been heard ... dated 6/15/15." (Docket No. 92 at 1). Assuming that Plaintiff is referring to his motion to consolidate, dated June 15, 2016, *see supra* note 3, that motion sought to consolidate the instant action with other claims, including three claims filed in state court, two of which appear to be from 2011.[6] (Docket No. 56). He also attached a proposed amended complaint to his motion to consolidate. (*Id.*). The Court denied Plaintiff's motion to consolidate on June 27, 2016, and indicated that his proposed amended complaint would be discussed at the Court conference scheduled for August 17, 2016. (Docket No. 57). At that conference, the Court asked Plaintiff to identify the differences between his Amended Complaint, filed on August 5, 2015, (Docket No. 9), and his proposed amended complaint.[7] Plaintiff did not identify any differences; instead, he explained that the proposed amended complaint had been reworded, but was essentially the same. Defendants' counsel likewise did not note any substantive changes, and maintained that the motion to dismiss applied to Plaintiff's proposed amended complaint as well as to his Amended Complaint. The Court ruled from the bench on Plaintiff's proposed amended complaint as follows: to the extent that Plaintiff's proposed amended complaint would be dismissed by Defendants' motion to dismiss, his request to amend would be denied; but to the extent that the

---

[6] The Court notes that Plaintiff's claims that accrued prior to May 5, 2012, were dismissed *sua sponte* as time-barred. (Docket No. 7).

[7] The parties may request a transcript of this conference by the following the procedures set forth on the Southern District of New York's website (http://www.nysd.uscourts.gov/court_reporting.php).

6

Court's ruling on Defendants' motion to dismiss did not dispose of Plaintiff's proposed amended complaint, his request to amend would survive.

### i. Motion to Consolidate

If Plaintiff is now requesting that the Court reconsider its decision denying his motion to consolidate, that request is exceedingly untimely. The Court denied Plaintiff's motion to consolidate on June 27, 2016. (Docket No. 57). Plaintiff's pending motion for reconsideration was filed on April 20, 2017, approximately ten months after the Court denied his motion to consolidate. (Docket No. 92). The Court will not consider a motion to reconsider made ten months after the Court rendered its decisions. *See* S.D.N.Y. Local Civil Rule 6.3; *see also, e.g.*, *Davis*, 2013 WL 6145749, at *1 (finding *pro se* plaintiff's motion for reconsideration was untimely where filed more than one month late). Moreover, as explained at the Conference on August 17, 2016, the Court found that some of the cases Plaintiff sought to consolidate were not within this Court's jurisdiction, and that others were not sufficiently similar or otherwise appropriate for consolidation.

### ii. Request to Amend

Insofar as Plaintiff moves the Court to reconsider his request to amend his complaint, at the conference on August 17, 2016, the Court reserved decision on that issue until the motion to dismiss was decided. Therefore, a motion for reconsideration would appropriately have been made fourteen days after judgment was entered, and, as discussed *supra*, Plaintiff's motion for reconsideration is untimely. In reviewing the merits, however, the Court acknowledges that the Opinion did not explicitly address Plaintiff's request to amend his complaint, and that, because Plaintiff has identified an issue which the Court overlooked, his motion for reconsideration on this narrow issue may have been granted, if it were timely. Nevertheless, even if the Court

considered Plaintiff's request to amend his complaint, that request would be denied for the reasons that follow.

Federal Rule of Civil Procedure 15 states that courts should "freely give leave" to parties to amend their complaints "when justice so requires." Fed. R. Civ. P. 15. However, "[a] district court has discretion to deny leave [to file an amended complaint] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Futility is a determination, as a matter of law, that proposed amendments would fail to . . . state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Additionally, although "[f]ew courts have denied leave to amend on the basis of bad faith[,] . . . [a] finding that a party is seeking leave to amend solely to gain a tactical advantage . . . supports a finding that such an amendment is made in bad faith." *Oneida Indian Nation of New York State v. Cty. of Oneida*, N.Y., 199 F.R.D. 61, 80 (N.D.N.Y. 2000).

Both Plaintiff and Defendants' counsel stated at the August 17, 2016 conference that the complaint and the proposed amended complaint were substantially the same. Upon review of the proposed amended complaint, the Court agrees that Plaintiff's claims in his proposed amended complaint are essentially duplicative of those in his Amended Complaint. There is, however, one claim that is arguably alleged in Plaintiff's proposed amended complaint that is not included in his Amended Complaint. (*Compare* Docket No. 56 at 4-5, *with* Docket No. 9 at 5). The proposed amended complaint contains factual allegations regarding injuries to Plaintiff's meniscus and anterior cruciate ligament ("ACL"), which caused him "severe serious pain." (Docket No. 56 at 4). He alleges that Dr. Ulloa denied him medical attention for those injuries; specifically, Plaintiff claims that he was not sent to a podiatrist or an orthopedist and that his

injury was ignored from December 2014 through October 2015, which caused a cyst to form "behind" his right ACL. (*Id.*). The Court interprets this claim, like Plaintiff's other claims against Dr. Ulloa, as a claim for inadequate medical care under the Eighth Amendment, which requires satisfaction of an objective and subjective prong. (*See* Op. at 8-11). Reading Plaintiff's claim liberally, the Court assumes that he may have met the objective prong for a claim of deliberate indifference to survive a motion to dismiss—*i.e.*, that he was denied adequate medical care, and that the denial was sufficiently serious. (*See id.* at 14-15). However, as with Plaintiff's other claim of deliberate indifference against Dr. Ulloa, he failed to plead the subjective prong, as he did not include any allegations regarding Dr. Ulloa's subjective state of mind, or that the delay in his treatment was intentional or reckless.[8,9] *See Dotson v. Fischer*, 613 F. App'x 35, 38 (2d Cir. 2015) ("Deliberate indifference requires allegations of the defendants' subjective state of mind[.]") (internal quotation marks omitted); *Bell v. Jendell*, 980 F. Supp. 2d 555, 560 (S.D.N.Y. 2013) ("[T]his case is similar to other cases where prisoners merely allege a delay in the

---

[8] Although Plaintiff alleges "severe serious pain" and that Dr. Ulloa "and staff" were "fully aware" of the injuries related to his meniscus and ACL, "[e]ven in a *pro se* case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Whittle v. Ulloa*, No. 15 CV 8875 (VB), 2016 WL 7351895, at *2 (S.D.N.Y. Dec. 19, 2016).

[9] The Court has also reviewed Plaintiff's grievances and the responses thereto, which indicate that his ACL and related knee injuries were treated. (*See* Op. at 7-8; *see also* Docket Nos. 44-1 through 44-6). For example, he filed a grievance on November 8, 2013, which referred to his ACL and requested a knee brace. (Docket No. 44-4 at 9). While not a document that the Court would necessarily consider on a motion to dismiss because it is not clear that Plaintiff received it, the Court nevertheless notes a response from Correct Care Solutions to the Department of Correction indicating that Plaintiff was scheduled to be seen by a physical therapist on November 19, 2013, and that Dr. Ulloa would discuss Plaintiff's request for a knee brace after he was evaluated by the physical therapist. (*Id.* at 12). On January 19, 2015, Plaintiff was advised that a grievance he filed on December 30, 2014, which requested, *inter alia*, a knee brace, was denied as procedurally deficient, and that he had two days to properly resubmit the grievance. (Docket No. 44-5 at 7). There is no indication that Plaintiff properly filed a subsequent grievance requesting a knee brace at that time. However, in a grievance filed on May 1, 2015, Plaintiff indicated that he had a "knee support." (*Id.* at 13). Moreover, a response to Plaintiff from the Department of Correction regarding another grievance, dated June 1, 2015, indicates that Plaintiff had recently been seen by an orthopedist for back pain, which makes clear that he was seen by an orthopedist prior to October 2015. (Docket No. 44-6 at 21). There are no grievances related to a cyst near his ACL. As the Court observed in the Opinion, a delay in medical treatment, where a plaintiff's condition was regularly monitored and treated, does not necessarily indicate deliberate indifference. (*See* Op. at 18-19 (collecting cases)).

provision of medication of treatment, but fail to allege that the delay was either intentional or reckless.") (collecting cases). Moreover, the Court notes that "disagreements over . . . the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001). (*See also* Op. at 15-16). The Court would therefore find Plaintiff's request to amend his complaint futile, and the request would be denied.

The Court could also conceivably find that Plaintiff's request to amend was made in bad faith. Plaintiff has been barred from filing any new actions IFP while incarcerated, pursuant to 28 U.S.C. § 1915(g), because he had brought at least three claims that were dismissed as frivolous, malicious or because they failed to state a claim upon which relief could be granted. *See Bennett v. Concepcion*, No. 10-cv-9096 (LAP) (S.D.N.Y. Dec. 6, 2010) (Docket No. 3); *Bennett v. Rhodes*, No. 12-cv-00788 (LAP) (S.D.N.Y. Feb. 15, 2012) (Docket No. 4); *Bennett v. Onua*, No. 12-cv-1443 (LAP) (S.D.N.Y. Mar. 7, 2012) (Docket No. 4). Pursuant to 28 U.S.C. § 1915(g) and the Court's orders, Plaintiff could only bring a new claim IFP while incarcerated if he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court noted that "[a]n imminent danger is one 'existing at the time the complaint is filed[,]'" and that "a danger 'that has dissipated by the time a complaint is filed' is not sufficient." *Bennett v. Rhodes*, No. 12-cv-00788 (LAP) (S.D.N.Y. Feb. 15, 2012) (Docket No. 4, n.1); *Bennett v. Onua*, No. 12-cv-1443 (LAP) (S.D.N.Y. Mar. 7, 2012) (Docket No. 4, n.1) (quoting *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002); *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)). Although Plaintiff alleged that the injuries related to his meniscus and ACL caused "severe serious pain" that was "worsening," he also stated that the injuries had been ignored until October 2015, which suggests that, at the very least, by the time his proposed amended

complaint was filed on June 21, 2016, those injuries were no longer ignored and he had received treatment. Therefore, any allegedly imminent danger would have dissipated by the time of his proposed amended complaint. The Court could thus find that Plaintiff's attempt to add a claim regarding his meniscus and ACL was an effort to circumvent the Court's prior orders barring Plaintiff from filing new actions, and was therefore made in bad faith.

Accordingly, Plaintiff's third argument fails because there are no grounds to reconsider his motion to consolidate, and even if the Court reconsidered Plaintiff's request to amend, that request would be denied.

**4. Harmless Error**

Finally, Plaintiff appears to argue that the Court committed harmless error pursuant to Rule 61. (Docket No. 92 at 1). Plaintiff does not, however, clearly identify any error. He seems to argue, as discussed above, that his claims dated June 15, 2016, and "not any before or thereafter," should have been heard, and that this was the Court's error. Alternatively, Plaintiff may be arguing that he, not the Court, committed harmless error. Regardless of which alleged error Plaintiff is referring to, or whether he is claiming that he committed harmless error or that the Court did, a harmless error is, by definition, harmless. That is, under Rule 61, "[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. Any error which Plaintiff has identified as harmless therefore must be disregarded, and, as such, a harmless error is not a reason to grant a motion for reconsideration.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied. The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 92), and is directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

Dated: September 25, 2017
        White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge